UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CAROLYN RADDACH,

    Plaintiff,

    v.                                   Case No. 4:16-cv-74-JVB-PRC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff Carolyn Raddach seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the ALJ's decision.

**A.    Overview of the Case**

Plaintiff alleges that she became disabled on November 26, 2012. (R. at 41.) Claimant meets insurance requirements through December 31, 2017. (R. at 149.) Before filing for disability, Plaintiff performed work involving data entry and customer service in 2011 and 2012. (R. at 40.) Ms. Ruddach claims she became disabled due to a combination of chronic headaches and back, neck, shoulder, and hip pain. (R. at 44.) The Administrative Law Judge ("ALJ") found that Ms. Ruddach was unable to perform her past relevant work (R. at 20.), but that a number of jobs existed in the national and local economy which she could perform. (R. at 21.) As a result, the ALJ denied her disability benefit request on April 29, 2015. (R. at 22.)

**B.     Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

**C.     Disability Standard**

To determine eligibility for disability benefits under the Social Security Act, the ALJ will perform a five-step inquiry:

> "(1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy."

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The burden of proof resides with the claimant for the first four steps, shifting to the Commissioner for determination of disability at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.      Analysis**

Plaintiff argues that the ALJ committed three reversible errors: (1) the ALJ did not appropriately address her limitations of concentration, persistence, and pace (Pl.'s Br. at 9); (2) the ALJ failed to consider her impairments collectively (Pl. Br. at 10); (3) the ALJ did not sufficiently consider the her self-reported symptoms in evaluating the intensity, persistence, and limiting effects of those symptoms (Pl.'s Br. at 16).

*(1)  Concentration, persistence, and pace*

Plaintiff asserts that the ALJ erred by improperly addressing Ms. Ruddach's limitations of concentration, persistence, and pace. (Pl's Br. at 9.) Where an ALJ does not adequately capture the Plaintiff's restrictions on concentration, persistence, and pace, the ALJ's decision will be subject to remand. *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2011) (emphasizing that all of Plaintiff's restrictions must be present in the hypothetical to the vocational expert). Here, the ALJ posed a hypothetical to the vocational expert that was based on simple, routine tasks, simple work-related decisions, and a low-stress environment. (Pl.'s Br. at 6.) According to Plaintiff, when the ALJ limited his hypothetical question to only simple routine labor, the ALJ fails to accommodate plaintiff's limitations on concentration, persistence and pace. Plaintiff relies on *Ingle v.* Colvin, 2016 WL 270006*9 (S.D. Ill., Jan. 22, 2016) in support.  In fact, where such limitation is the only restriction made, it is insufficient to capture the limitations of concentration, persistence, and pace experienced by Plaintiff. *Id.* at 8. In the instant case, however, this was not the only restriction the ALJ gave. (R. at 20.) Rather, the ALJ further restricted Plaintiff to a low-stress work environment. *Id.*

In *Moreno v. Berryhill*, 882 F.3d 722 (7th Cir. 2018), the Court of Appeals for the

Seventh Circuit held that an ALJ does not need to reference Plaintiff's limitations with the specific terms "concentration, persistence and pace." 882 F.3d at 730. Instead, the ALJ may use alternative phrasing where that alternative phrasing excludes the tasks that Plaintiff would not be able to perform. *Id*. The question then is whether the ALJ's alternative phrasing to the vocational expert sufficiently captured Plaintiff's limitations of concentration, persistence, and pace. If the alternative phrasing excludes those tasks that a person with the Plaintiff's limitations would be incapable of performing, then the ALJ's alternative phrasing is permissible. Here, the ALJ also limited the Plaintiff to a low-stress environment, which, in conjunction with limiting her to simple, routine tasks, sufficiently addresses the Plaintiff's limitation on concentration.

Where there are no significant restrictions on persistence and pace in the consultative examiner's opinion, then an alternative phrasing which only addresses limitations of concentration is permissible. *Moreno*, 882 F.3d at 730 (permitting an ALJ to omit the express terms of "concentration, persistence and pace" where it is manifest that an alternative phrasing also encompasses the Plaintiff's limitations). Here, none of the phrasing used by the ALJ addresses limitations on persistence and pace. Yet, there was no evidence in the consultative examiner's record that plaintiff is limited in persistence or pace. (R. at 84.) Instead, the consultative examiner found no significant limitations on the frequency or duration of the Plaintiff's ability to stand, sit, lift objects up to twenty-five pounds, or even to climb ladders, kneel, or crawl frequently. *Id.* Because no significant restrictions on persistence and pace are in evidence, the ALJ's phrasing which properly encompasses Plaintiff's limitations on concentration is permissible.

*(2) Consideration of impairments collectively*

Plaintiff argues that the ALJ failed to consider Ms. Ruddach's impairments collectively. The record reflects otherwise. The ALJ mentions, for example, the "claimant's obesity in combination with the Plaintiff's other physical impairments." (R. at 18.) The ALJ further analyzed the Plaintiff's headaches in combination with the mental impairments indicated by her GAF score and indicated that this was a factor in the limitations presented to the vocational expert. (R. at 20.) Taken collectively, there is sufficient evidence in the record that the ALJ has properly considered the combined effects of the Plaintiff's ailments.

### (3) *Evaluation of self-reported symptoms*

Plaintiff further argues that the ALJ did not consider her testimony of how her symptoms affect her daily life, nor did the ALJ sufficiently consider her medications in determining her disability status. The ALJ, however, specifically addressed the Plaintiff's statement that she experienced disabling body pain, finding it not credible on the basis of the available evidence. (R. at 16.) In addition, the ALJ considered the Plaintiff's daily living, citing her ability to prepare meals, perform household chores, drive, shop, and manage finances, concluding that the Plaintiff has only mild limitations in her daily living. (R. at 14.) Finally, the ALJ also referenced the Plaintiff's statements that she talks on the phone, has no issues getting along with others, and shops, as evidence that she was capable of social functioning with only mild difficulties. (R. at 14-15.) The ALJ has sufficiently weighed and evaluated Plaintiff's self-reported symptoms. SSR 16-3p.

Finally, Plaintiff argues that the ALJ did not consider her medications and improperly stated that the medications appeared to be effective. (Pl.'s Br. at 17.) Plaintiff argues that there is no support in the record that Dr. Robbins found her medications to be effective. However, Dr.

5

Robbins stated that Ms. Ruddach felt she had been doing well since her last visit and cited that she was sleeping better. (R. at 333.) This finding by Dr. Robbins supports the ALJ's finding that the Plaintiff's medications appeared to be effective. Further, the ALJ specifically mentioned that Ms. Ruddach had reported her medication helped her depression. (R. at 19.) As a result, the record does not show that Plaintiff's medications were improperly considered by the ALJ.

**E.     Conclusion**

The ALJ properly accounted for the Plaintiff's limitations of concentration, persistence, and pace; considered the Plaintiff's symptoms collectively; and accorded due consideration to the Plaintiff's self-reported evaluation of the intensity, persistence, and limiting effects of their symptoms. For these reasons, the Court affirms the ALJ's decision.

SO ORDERED on March 29, 2019.

                                        S/ Joseph S. Van Bokkelen
                                        JOSEPH S. VAN BOKKELEN
                                        UNITED STATES DISTRICT JUDGE